UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALLITHEA E. KILLEEN,

                          Plaintiff,

       v.                                    **DECISION AND ORDER**
                                                        10-CV-87S

COVER-ALL BUILDING SYSTEMS INC.,
COVER-ALL BUILDING SYSTEMS OF
ONTARIO, INC., EASTERN COVER-ALL INC.,
COVER-ALL BUILDING SYSTEMS OF
NEW YORK, INC., and BEN HOGERVORST

                         Defendants.

       1.       On February 3, 2010, Plaintiff Allithea E. Killeen filed a complaint against the above-captioned defendants. Plaintiff is proceeding pro se, but is a licensed attorney. A bankruptcy stay is in effect as to each defendant except Cover-All Building Systems of Ontario, Inc., Cover-All Building Systems of New York, Inc., and Ben Hogervorst. (Docket Nos. 3, 5.)

       2.       From the inception of this case, Plaintiff has failed to comply with this Court's Orders requiring her to properly serve the defendants. She failed to serve the defendants within 120 days of filing her complaint. (Docket No. 5.) This Court thereafter found good cause to extend Plaintiff's time to complete service until November 30, 2010. (Docket No. 5.) Plaintiff disregarded this Order entirely.

       3.       No action having been taken in the case, this Court issued a Notice Before Dismissal for Failure to Effect Service on January 14, 2011. (Docket No. 6.) That Notice required Plaintiff to show good cause for her failure to comply with this Court's previous Order to effectuate service by November 30, 2010. (Docket No. 6.) Plaintiff filed an

1

affirmation in response on January 26, 2011.  (Docket No. 7.)  Based on that affirmation, this Court found good cause to permit the case to proceed, but specifically warned Plaintiff that "she must diligently prosecute this case." (Docket No. 8.)  Despite that clear warning, Plaintiff did nothing for nearly seven months.

       4.      As a result of this inactivity, this Court issued a Notice Before Dismissal for Failure to Prosecute on August 12, 2011.  (Docket No. 9.)  Therein, this Court directed Plaintiff to file an affidavit by September 12, 2011, explaining why the case should not be dismissed. (Docket No. 9.) But instead of complying with that Order, Plaintiff filed a Motion for Entry of Default on September 12, 2011, yet failed to file any proof of service.  (Docket No. 10.) This Court denied Plaintiff's motion and issued a Second Notice Before Dismissal for Failure to Prosecute, since Plaintiff had failed to comply with the first Notice.  (Docket No. 12.) Plaintiff was directed to file an affidavit by October 31, 2011, explaining why the case should not be dismissed.  (Docket No. 12.)

       5.      On October 31, 2011, Plaintiff filed an affirmation in response to this Court's Second Notice to Dismiss for Failure to Prosecute.  (Docket No. 13.)  Plaintiff's affirmation — despite this Court's clear directive — failed to explain why the case should not be dismissed. (Docket No. 14.) Consequently, this Court advised Plaintiff that her case would be dismissed for failure to prosecute on January 6, 2012, if she did not file an affidavit explaining why the case should not be dismissed and did not provide proper proof of service on the defendants.  (Docket No. 14.)

       6.      On January 6, 2012, Plaintiff filed an affirmation explaining why this case should not be dismissed for failure to prosecute.  (Docket No. 15.)  Attached to that affirmation was what Plaintiff maintained was proof of proper service on the active

defendants. (Docket No. 15, pp. 5-7.) Based on Plaintiff's representations, this Court issued an Order on January 31, 2012, directing the active defendants to answer or otherwise move against the complaint. (Docket No. 16.) Therein, this Court directed that its Order be sent to counsel for Ben Hogervorst, who Plaintiff maintained accepted service on behalf of Cover-All Building Systems of Ontario, Inc. and Cover-All Building Systems of New York, Inc. Contrary to Plaintiff's representations, however, Hogervorst did not accept service for anyone.

7. On February 13, 2012, counsel for Hogervorst sent this Court a letter explaining that Hogervorst is no longer affiliated with the defendants and did not accept service on their behalf. (Docket No. 18.) Attached to the letter was a signed declaration by Hogervorst to that effect. (Docket No. 18.)

8. Consequently, this Court determined on April 19, 2012, that Plaintiff had yet to properly serve Defendants Cover-All Building Systems of Ontario, Inc. and Cover-All Building Systems of New York, Inc., despite being afforded multiple opportunities to do so. (Docket No. 17.) Nonetheless, this Court afforded Plaintiff a final opportunity to complete service by June 1, 2012, or risk having her case dismissed for failure to prosecute. (Docket No. 17.) At Plaintiff's request, and continuing to afford Plaintiff every benefit of the doubt, this Court twice extended its "final" deadline — first until August 31, 2012, and then until October 15, 2012. (Docket Nos. 20, 22.)

9. Contrary to this Court's Order and two extensions, Plaintiff filed nothing on October 15, 2012. Instead, three days later, she filed an amended complaint adding Hogervorst as a defendant and an affirmation, wherein she again insists that she properly served the defendants, despite her clear failure to do so. (Docket Nos. 23, 24.) Plaintiff

filed these submissions after the final deadline of October 15, 2012, imposed by this Court.

10. On December 5, 2012, counsel for Hogervorst sent this Court a letter, with a copy to Plaintiff, explaining the multiple deficiencies in Plaintiff's attempted service. The Clerk of Court will be directed to file the letter. Since October 18, 2012, and even since receipt of Hogervorst's letter in December 2012, Plaintiff has done nothing to perfect service or prosecute this case, which is now more than three years old.

11. Dismissal of this case against the active defendants is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

12. Where a defendant has not specifically moved for dismissal under Rule 41(b) — such as in this case — a court may nonetheless order dismissal *sua sponte*. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982). In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 370 U.S. at 630-31.

13. Rule 41(b) does not define failure to prosecute. But the Second Circuit has

stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42.  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d Cir. 1983) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam); see also Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

14.    The following factors, none of which are dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir. 2004); Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)); Feurtado v. City of New York, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

15.     As for the duration of failures, the relevant inquiry is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration.  See Norden Sys., 375 F.3d at 255.  Here, Plaintiff is solely at fault for failing to prosecute this action, as detailed above.  She has consistently failed to comply with this Court's Orders and has undertaken long periods of inaction.  With respect to duration, Plaintiff's conduct has caused an almost three-year delay.  This is a delay of significant duration.  See, e.g., Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (finding that delay of four months warranted dismissal).  Thus, this Court finds that this factor weighs in favor of dismissal.  All delay in this case is attributable to Plaintiff and is of significant duration.

16.     As for notice, the Second Circuit requires that the plaintiff receive adequate notice that her case could be dismissed due to inaction.  See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).  As detailed above, Plaintiff has had sufficient, repeated notice that her failure to prosecute this action could result in dismissal.  Because Plaintiff was on sufficient notice that her case could be dismissed, this factor strongly weighs in favor of dismissal.  See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute was possible).

17.     As to prejudice, defendants have not yet been served, but they are inherently prejudiced by the passage of time due to lost witness recollection, staleness of claims, and the like.

18. As for the balancing factor, the court is required to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). Plaintiff's inaction has caused this Court to issue multiple Orders. Although this expenditure of judicial resources is wasteful, this Court cannot conclude that the overall effect on docket congestion has been significant.

19. This Court further notes that Plaintiff has been afforded Due Process rights in that she has been provided numerous opportunities to prosecute this case and comply with the Orders of this Court. These multiple opportunities have been afforded to Plaintiff in her pro se capacity, despite that she is a trained, licensed attorney. Thus, Plaintiff's own failure to properly litigate this matter is not a denial of Due Process. See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims). Accordingly, this factor also weighs in favor of dismissal.

20. Finally, as to lesser sanctions, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257. Given the multiple accommodations and extensions provided to Plaintiff and her failure to properly prosecute this action despite those accommodations and extensions, this Court finds that any

sanction short of dismissal would be ineffective.  See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions inappropriate based on repeated failures to comply with court orders).  Thus, this final factor also weighs in favor of dismissal.

21. Accordingly, this Court finds that dismissal of this case against the active defendants is warranted under Rule 41(b) for Plaintiff's failure to prosecute.

IT HEREBY IS ORDERED, that this case is DISMISSED against Defendants Cover-All Building Systems of Ontario, Inc., Cover-All Building Systems of New York, Inc., and Ben Hogervorst, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

FURTHER, that the Clerk of Court is directed to file the December 5, 2012 letter referenced above.

FURTHER, that the Clerk of the Court is directed to CLOSE this case, with leave to reopen against the bankrupt defendants GRANTED upon lifting of the bankruptcy stay.

SO ORDERED.

Dated: May 13, 2013
       Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court